UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

| | |
|---|---|
| Maria Gross, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Primenet Medical Group, Inc.; Primenet Medical Group of Kendall, Inc.; and Primenet Medical Management, Inc. | ) ) ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, Maria Gross, sues the Defendants, Primenet Medical Group, Inc.; Primenet Medical Group of Kendall, Inc.; and Primenet Medical Management, Inc., (collectively "Defendants") and alleges as follows:

1. This action arises out of Plaintiff's employment relationship with Defendants, including her wrongful termination in violation of the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and the Florida Civil Rights Act ("FCRA").

## **PARTIES**

2. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

3. At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

1

4. At all times material, Plaintiff was an employee of Defendants as defined by the ADA, 29 USC § 12111(4).

5. At all times material, Plaintiff was an employee of Defendants as defined by 29 U.S.C. §630(f).

6. At all times material, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

7. Defendant Primenet Medical Group, Inc. is a Florida Corporation that operates medical offices in the south Florida area. At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

8. Defendant Primenet Medical Group of Kendall, Inc. is a Florida Corporation that operates medical offices in the south Florida area. At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

9. Defendant Primenet Medical Management, Inc. is a Florida Corporation that operates medical offices in the south Florida area. At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

10. Collectively Defendants operate 3 offices in the south Florida area within a 75 mile radius of each other. The offices employ more than 50 people. All 3 offices use the same website and refer to themselves as a collective "we." As will be shown in this complaint, the offices act as one entity and can exchange employees. They all are considered joint employers.

11. Plaintiff had worked for Defendants for over 12 consecutive months at the time of her termination.

12. At all times material, Defendants were each an employer as defined by the FMLA, 29 U.S.C. § 2611(4).

13. At all times material, Defendants were each a covered entity under the ADA as defined by 29 USC §12111(2).

14. At all times material, Defendants were each considered an employer under the ADA as defined by 29 USC §12111(5)(a).

15. At all times material, Defendants were each considered a "person" and an "employer" as defined by 29 U.S.C. §630.

16. At all times material, Defendants were each considered a "person" and an "employer" as defined by Fla. Stat. § 760.02.

## JURISDICTION AND VENUE

17. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 et seq.; ADA, 42 USC §12117; ADEA 29 U.S.C. §§ 621 et seq; and FCRA, Fla. Stat. § 760.01 et. seq.

18. This court has jurisdiction of this claim as per 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4).  This civil action arises under the laws of the United States and the law of the State of Florida.

19. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Corporate Defendant is a corporate resident of the State of Florida, doing business therein, and the unlawful employment practices of which Plaintiff is complaining were committed

within this judicial district. Additionally, the employment records of Plaintiff are stored, or have been administered, in Miami-Dade County.

## PROCEDURAL REQUIREMENTS

20. Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a) Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

   b) Plaintiff received her Right to Sue Notice as to her charges of discrimination which was issued on June 12, 2022.

21. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

22. Plaintiff worked for Defendants as a medical assistant/phlebotomist beginning October 2007. She worked in the Kendall office. The Kendall office is a short, ten minute commute from her home.

23. Plaintiff was considered a valuable employee and eligible for rehire according to Defendants.[1]

24. Plaintiff was not only an employee of Defendants, she was also their patient as Dr. Francisco Albites is her primary care physician.

25. On or about January 2020, Plaintiff was diagnosed with a form of cancer. Treatment would necessitate FMLA leave which occurred from March 20, 2020 to May 4, 2020.

---

[1] This according to a recommendation letter she was given by Defendants following her termination – Exhibit A

4

26. At this point, she returned to work with no ill effects and resumed her regular work schedule. She was not in remission.

27. Sadly, in late November to early December, she started to not feel well and had her labs drawn by order of her oncologist, who analyzed the results and determined that she would need treatment again. All notes and results were subsequently sent to her primary physician Dr. Albites at Primenet Medical Groups. Her blood was drawn at Primenet.

28. Her diagnosis is considered a disability under the ADA and is covered under the FMLA.

29. Shortly thereafter, another medical assistant/phlebotomist, Maria Moya, was asked to temporarily transfer to the Pembroke Pines office. Ms. Moya, who is more than 10 years younger than Plaintiff, refused the transfer.

30. Plaintiff was then asked to make the same transfer as Ms. Moya to the Pembroke Pines office. Plaintiff explained to her manager that due to her recent ill health she would not be able to make the nearly 4 hour-round trip[2] commute to the other office.

31. Plaintiff's employment was terminated soon after. Ms. Moya's employment was not terminated.

32. Plaintiff was told that her position was being eliminated. However, Defendants still employ medical assistants and phlebotomists. Additionally, following Plaintiff's termination, Defendants hired at least one medical assistant/phlebotomist who was much younger than Plaintiff.

33. Further, Defendants collectively received approximately $316,000 in Payroll Protection Program loans during the last year. In order to be eligible for loan forgiveness, Defendants

---

[2] Approximately 40 miles each way during rush hour.

would have to maintain the same amount of employees during the life of the loan. As of this filing, these loans have been fully forgiven. This would mean that despite claiming that Plaintiff's position had been eliminated, her position would necessarily have been filled.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS AGAINST ALL DEFENDANTS

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. Plaintiff was eligible for FMLA leave due to her length of employment and her serious health condition.

36. Defendants were aware of her serious health condition and its likely need for treatment and therefore leave due to Plaintiff giving actual notice of the condition, the diagnosis taking place at Defendants' office, and Plaintiff being less than 6 months from her previous leave due to the same condition.

37. Defendants interfered with her need for FMLA leave by terminating her employment before she could properly request leave following a diagnosis that would likely require leave as it had previously.

38. Plaintiff provided enough information for Defendants to know that Plaintiff's potential leave may be covered by the FMLA. Previously, her FMLA leave had been approved.

39. Despite knowledge of Plaintiff's serious medical condition, Defendants terminated Plaintiff prior to her request for FMLA leave.

40. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a.     Enter judgment in Plaintiff's favor and against Defendants for interfering with Plaintiff's rights under the FMLA;

    b.     Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

    c.     Award Plaintiff liquidated damages;

    d.     Award Plaintiff prejudgment interest on her damages award;

    e.     Award Plaintiff reasonable costs and attorney's fees;

    f.     Award Plaintiff any further relief pursuant to the FMLA; and

    g.     Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT II: VIOLATION OF THE ADEA
## AGAINST ALL DEFENDANTS

41. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

42. At the time of her termination, Plaintiff was 63 years old and as such is a member of a group protected under ADEA from discrimination on the basis of age.

43. Plaintiff's employment was terminated after she told her supervisor that she could not accept a temporary transfer to a much farther away office location due to health reasons.

44. This transfer order was originally given to another employee who is over ten years younger than Plaintiff. This employee refused the transfer but was not terminated. This employee did not face discipline of any kind.

45. Plaintiff's position was then replaced by a much younger new employee.

46. Plaintiff was treated differently because of her age. She was terminated while a younger employee was not disciplined for refusing the same assignment.

47. In a letter from Defendants, it was admitted that Plaintiff was a valuable member of the staff with extensive knowledge. Since she was not treated differently for performance reasons and a younger employee was not terminated for the same reasons and Plaintiff's position was immediately replaced by a younger employee, it can be inferred that Plaintiff was terminated due to her age.

48. Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Order reinstatement of Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to age discrimination or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical;

b. Award Plaintiff back pay, including all employment benefits which would have accrued if Plaintiff's employment had not been terminated;

c. Award Plaintiff compensatory damages for her emotional suffering;

d. Award Plaintiff punitive damages;

e. Award Plaintiff attorney's fees, including expert witness fees, pursuant to 42 U.S.C.A. §2000e-5(k); and

f. Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT III: VIOLATION OF FLORIDA CIVIL RIGHTS ACT § 760.10
### AGE DISCRIMINATION AGAINST ALL DEFENDANTS

49. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

50. At all relevant times Defendants were an employer who employed more than 15 employees as required by Fla. Stat. § 760.02.

51. At all relevant times Defendants employed Plaintiff within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et. seq.

52. Defendants acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of her age.

53. Defendants terminated Plaintiff for refusing to accept a transfer for medical reasons while not terminating a younger employee who also refused the transfer.

54. Plaintiff's age was the legal cause for Defendants' decision to terminate her employment.

55. Defendants knowingly and intentionally discriminated against Plaintiff on the basis of her age in violation of Fla. Stat. § 760.01 et. seq.

56. This violation of the Florida Civil Rights Act of 1992 provides to Plaintiff back pay, reinstatement, compensatory damages, attorneys' fees and costs, or any other equitable relief deemed just pursuant to Fla. Stat. § 760.11.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Order reinstatement of Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to age discrimination or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical;

b. Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated;

    c.    Award Plaintiff compensatory damages for her emotional suffering;

    d.    Award Plaintiff punitive damages;

    e.    Award Plaintiff attorneys fees, including expert witness fees, pursuant to Fla. Stat 760; and

    f.    Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT IV: VIOLATION OF THE ADA AGAINST ALL DEFENDANTS

57. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

58. Plaintiff has an actual disability.

59. Plaintiff is an individual with a "disability" as that term i defined in Sections 3 of the ADA, 42 U.S.C. § 12102, in that the Plaintiff is an individual with a physical impairment that substantially limits one or more or more of her major life activities including thinking, reading, concentrating and performing manual tasks. Additionally, Plaintiff's bodily functions are limited in that her immune system and cell growth have been compromised.

60. Cancer, its symptoms, and its treatment through radiation and chemotherapy are disorders and treatments under the ADA.

61. Plaintiff is a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12111(8), in that the Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her position.

62. Defendants intentionally discriminated against Plaintiff on the basis of her cancer diagnosis, symptoms, and treatment by refusing to provide the Plaintiff with a reasonable accommodation. After hearing about her cancer diagnosis, Defendants arbitrarily determined that Plaintiff would now have to work at a different office 40 miles away that

comes with an additional 4 hours of commute each day. Plaintiff requested that she continue working at the same office she has worked at for the past 13 years, because she cannot safely drive such a long time without feeling ill due to her present condition. Instead, Defendants terminated Plaintiff's employment.

63. No investigation or analysis was done to determine if Plaintiff's requested accommodation was reasonable.

64. Defendants' discriminatory actions are prohibited by the ADA, 42 U.S.C. § 1212l(a), which provides that Defendants shall not discriminate against Plaintiff in any of the terms, conditions, or privileges of her employment.

65. Defendants' discriminatory conduct was given with malice or with reckless indifference to the federally protected rights of Plaintiff.

66. Defendants' termination of Plaintiff's employment on the basis of her cancer diagnosis, symptoms, and treatment has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary loss, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

67. Defendants' termination of Plaintiff's employment on the basis of her cancer diagnosis, symptoms, and treatment has caused, continues to cause, and will cause Plaintiff irreparable harm through the loss of such gainful employment and through her loss of the employment benefits the Plaintiff would have attained through her continued employment with Defendants.

68. Plaintiff is entitled to recover compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses pursuant to 42 U.S.C. § 1981a.

69. Plaintiff also is entitled to recover punitive damages from Defendants because it discriminated against Plaintiff with malice or with reckless indifference to the federally protected rights of Plaintiff pursuant to 42 U.S.C. § 1981a.

70. Pursuant to Section 505 of the ADA, 42 U.S.C. § 12205, Plaintiff is entitled to reasonable attorney's fees, including litigation expenses and the costs in this action.

WHEREFORE, Plaintiff, demands judgment against Defendants, as follows:

   a. That the Court finds the Defendants in violation of the Americans with Disabilities Act and that the Court find the Defendants' violations were willful.

   b. That the Court award Plaintiff damages for all categories permitted by law (including but limited to economic, compensatory, and punitive) in an amount to be determined at trial in this matter.

   c. The Plaintiff be granted judgment in her favor and against Defendants for loss of employment benefits, along with future wages, back wages, and pain and suffering from the date of the adverse actions taken against her.

   d. That the Plaintiff be awarded punitive damages in an amount to be determined at trial in this matter for malice actions towards the Plaintiff and willful disregard for the Plaintiff s rights.

   e. That the Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs. See 42 U.S.C. § 12205

    f.    That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT V: VIOLATION OF THE ADA
## FAILURE TO PROVIDE A REASONABLE ACCOMODATION
## AGAINST ALL DEFENDANTS

71. Plaintiff repeats and re-alleges paragraphs 1-33 and 57-70 as if fully stated herein.

72. Plaintiff is a qualified individual with a disability, specifically, her cancer diagnosis and its symptoms.

73. Plaintiff experienced fatigue, difficulty concentrating, thinking, reading, and performing manuel tasks when made to perform long, immobile tasks like driving.

74. The Plaintiff fulfilled her duty to inform the Corporate Defendant of her disability and that she desired an accommodation as required by Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12l 12(b)(5)(A).

75. Upon being asked to transfer to a different office and being informed of the symptoms from her medical condition, Defendants made no investigation or inquiry into Plaintiff's accommodation and flatly denied it and terminated her.

76. Defendants' failure to make a reasonable accommodation to Plaintiff's disability constitutes unlawful discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment. Defendants' actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 122l(b)(5)(A).

77. Plaintiff s requests were reasonable and would not have caused Defendants undue hardship, as the accommodation request of the Plaintiff was simply the continuation of what she had already been doing for 13 years, coming to work in Kendall.

78. Defendants' failure to accommodate the request made by Plaintiff would have prevented her from working had they not terminated her employment first.

79. In failing to make a reasonable accommodation to Plaintiff's disability, Defendants acted with malice or with reckless indifference to the federally protected rights of the Plaintiff.

80. As a direct and proximate result of Defendants' discrimination on the basis of her disability, the Plaintiff has suffered lost wages and benefits and lost employment opportunities.

81. Defendants' failure to make a reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary damages.

WHEREFORE, Plaintiff, demands judgment against Defendants, as follows:

a. That the Court finds Defendants in violation of the Americans with Disabilities Act and that the Court find the Defendants' violations were willful.

b. That the Court award Plaintiff damages for all categories permitted by law (including but limited to economic, compensatory, and punitive) in an amount to be determined at trial in this matter.

c. The Plaintiff be granted judgment in her favor and against Defendants for loss of employment benefits, along with future wages, back wages, and pain and suffering from the date of the adverse actions taken against her.

d. That the Plaintiff be awarded punitive damages in an amount to be determined at trial in this matter for malice actions towards the Plaintiff and willful disregard for the Plaintiff s rights.

e. That the Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs. See 42 U.S.C. § 12205

f. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Respectfully submitted this 7th day of September 2022, by:

        /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff